FILED
MISSOULA, MT

2007 MAR 5 PM 1 27

PATRICK E. DUFFY
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| BUCKY SMITH, | CV 06-115-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| JUDY MARTZ, MIKE McGRATH, MINERAL COUNTY ATTORNEY'S OFFICE, MIKE DONOVAN and DOES I-X, | |
| Defendants. | |

United States Magistrate Jeremiah C. Lynch entered Findings and Recommendation in this matter on January 22, 2007. Smith filed objections and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). The parties are familiar with the factual and procedural history so they will be recited only as necessary.

Judge Lynch concluded that Smith's Complaint(dkt #1) should be dismissed with prejudice and I agree. The Complaint is dismissed because in accordance with the requisite preliminary

screening, Smith's claims fail to meet the threshold set forth in 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1); and *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Nor can the Complaint be cured via amendment.

Smith's claims fail because they do not state a claim upon which relief may be granted. Defendants Martz and McGrath cannot be sued under 42 U.S.C. § 1983 unless they personally participated in the deprivation of the Smith's rights. *See, e.g., Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Likewise, Defendant Donovan has absolute immunity from liability. *See, e.g., Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1984). As Judge Lynch observed, any possible actions that Donovan may have taken that were not intimately connected with his role in the judicial phase of Smith's case are barred by the three-year statute of limitations. Nor can Smith state a claim for relief against the Mineral County Attorney's Office because that takes the Court back to Donovan, who, for the reasons stated above, is not liable. *See McMillan v. Monroe County*, 520 U.S. 781, 785 (1997). Finally, the defendants listed as "Does" are not valid where Smith has not set forth any acts by unidentified persons.

The Court could choose to exercise supplemental jurisdiction by construing the Complaint to raise state-law claims in addition to the § 1983 action. The Court, however, declines to do so under 28 U.S.C. § 1367(c)(1), which allows district courts to "decline to exercise supplemental jurisdiction . . . if the claim raises a novel or complex issue of State law."

-2-

Smith objects but he does not assert a compelling legal reason to deviate from Judge Lynch's recommendations. Despite Smith's assertions to the contrary, the Court is bound by the foregoing case law and cannot recognize a claim against the Defendants.

Accordingly, based upon the foregoing I adopt Judge Lynch's Findings and Recommendation (dkt #7) in full: Plaintiff's Complaint (dkt #1) is DISMISSED WITH PREJUDICE.

Plaintiff is advised that this filing counts as one strike against him for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(g).

DATED this 5th day of March, 2007.

Donald W. Molloy, Chief Judge
United States District Court